# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

| | |
|---|---|
| AMY ALLCOCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action, Case No.: 5:24-CV-4-BJB |
| v. | ) |
| | ) |
| M. DEAN OWEN, CPA, PSC d/b/a HHO CARBON CLEAN SYSTEMS, LLC, | ) JURY DEMAND |
| | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW the Plaintiff, Amy Allcock, by and through her undersigned counsel, and, for her Complaint, states as follows:

### NATURE OF THE COMPLAINT

1. This is a civil action arising under the laws of the United States, and is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.*

### THE PARTIES

2. Ms. Allcock is a resident of McCracken County, Kentucky who was, at all relevant times, employed by Defendant M. Dean Owen, CPA, PSC d/b/a HHO Carbon Clean Systems, LLC in Paducah, McCracken County, Kentucky.

3. Defendant M. Dean Owen, CPA, PSC is a Kentucky Professional Services Corporation that, since in or about 2022, has been doing business as and through HHO Carbon Clean Systems, LLC, which is a Kentucky Limited Liability Company. The principal office for both companies is located at 5978 Old Highway 45 South, Paducah, KY 42003. The registered

agent for service of process for both companies is M. Dean Owen, who may be served at 5978 Old Highway 45 South, Paducah, KY 42003.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Ms. Allcock's claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, because it raises a federal question pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts giving rise to this lawsuit occurred in this judicial district and Defendant conducts business and employed Ms. Allcock in McCracken County, Kentucky, which is located within this judicial district.

6. Ms. Allcock filed a timely charge of discrimination with the Equal Employment Opportunity Commission with respect to her Title VII claim set forth below, a copy of which is attached hereto as Exhibit A. Ms. Allcock received a Notice of Right to Sue from the EEOC with respect to her Title VII claims fewer than ninety days prior to the filing of this Complaint, a copy of which is attached hereto as Exhibit B.

## FACTUAL BACKGROUND

7. Defendant M. Dean Owen, CPA, PSC operates a tax and financial services company.

8. Defendant M. Dean Owen, CPA, PSC remains an active company, but, in or about May 2022, it consolidated its operations with Defendant HHO Carbon Clean Systems, LLC (the companies hereinafter are collectively referred to as "Defendant").

9. Defendant is a for-profit company that is not a church or otherwise a religious services organization.

10. Defendant hired Ms. Allcock in or about January 2019 as a Wealth Management Assistant with Defendant's investment team.

11. Ms. Allcock's job began when the company brought on a new client, at which point she had to get the new client's accounts transferred from the client's existing financial services providers and then manage their accounts.

12. Ms. Allcock managed around 175 accounts.

13. Ms. Allcock performed her job competently at all times.

14. The work of the investment team required financial advisors to create and manage investment plans for clients based on recognized best practices and applicable tax law and for Ms. Allcock to implement the actions suggested by the advisors.

15. Defendant also had a tax team whose job was to complete tax returns for clients and to provide tax guidance to clients based on recognized best practices and applicable tax law.

16. None of the work of Defendant involved religious proselytizing.

17. None of the work of Defendant involved creative expression.

18. Problems in the workplace began soon after the 2020 presidential election.

19. Thereafter, Dean Owen began to rant frequently about homosexuals.

20. Mr. Owen stated verbally and in emails that he did not want anyone who was gay or transsexual around the company.

21. Mr. Owen bragged about firing employees for being gay and stated that he did not want employees to accept gay clients.

22. Ms. Allcock is bisexual.

23. Mr. Owen did not know Ms. Allcock's sexuality because she is married to a man, but his frequent statements that he wanted to get rid of any gay employees had Ms. Allcock constantly on edge as she and her coworkers conspired to hide her sexuality from Mr. Owen.

24. Ms. Allcock began suffering severe emotional distress from the situation, which required her to begin counseling.

25. Ms. Allcock tried to resolve the issue by speaking with Mr. Owen.

26. Mr. Owen told Ms. Allcock that he did not "have a problem with homosexuals; [he had] a fucking problem with flaming faggots," and that he did not see her as a "bad" homosexual.

27. The continued expression of Ms. Allcock as different, however, prevented Ms. Allcock from continuing to work in the environment without suffering significant negative mental health effects.

28. As such, Ms. Allcock had no choice but to resign her employment.

29. Ms. Allcock was treated differently because of her sexuality.

30. The actions of Defendant complained of herein were intentional, willful, deliberate, knowing, and malicious.

31. As a direct, foreseeable, and proximate result of Defendant's wrongful actions, Ms. Allcock has suffered pecuniary losses in the form of lost income and lost employment benefits as well as severe emotional distress, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses, all in an amount to be determined at trial.

## COUNT I

### SEX DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

32. Ms. Allcock realleges and incorporates herein the allegations contained in Paragraphs 1 – 32.

33. Defendant's actions alleged herein constitute discrimination on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*

34. Ms. Allcock's sex and was a motivating factor in Defendant's treatment of her.

35. Defendant's sex-based treatment of Ms. Allcock left her no choice but to resign her employment, amounting to a constructive discharge.

36. Defendant's actions on the basis of Ms. Allcock's sex were willful and knowingly committed.

37. As a direct and proximate result of Defendant's adverse treatment of Ms. Allcock in violation of Title VII of the Civil Rights Act of 1964, Ms. Allcock was injured and suffered damages.

38. Ms. Allcock has sustained a loss of back pay, benefits, incidental expenses, and front pay.

39. Defendant engaged in the discriminatory practices alleged in the first cause of action with malice and/or with reckless indifference to Ms. Allcock's federally protected rights, making Defendant liable for compensatory and punitive damages pursuant to 42 U.S.C. §§ 1981a(a) & (b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays as follows:

1. That Defendant be served and required to answer within the time prescribed by law;

2. That a jury of eight try this cause;

3. That the Court award Plaintiff judgment for damages of the lost compensation she has suffered from the date of Defendant's unlawful actions in an amount to be proven at trial;

4. That the Court issue an award of front pay in an amount to be proven at trial in lieu of reinstatement because the actions described herein and the circumstances surrounding the place of employment have made reinstatement impossible;

5. That Defendant be ordered to pay punitive damages in an amount to be determined at trial;

6. That the Court award Plaintiff additional compensatory damages, including, but not limited to, damages for emotional distress, pain and suffering, embarrassment, and humiliation, in an amount to be proven at trial;

7. That costs and attorneys' fees be assessed against Defendant pursuant to 42 U.S.C. § 2000e-5(k);

8. That costs and discretionary costs be taxed against Defendant;

9. That pre-Judgment and post-Judgment interest be assessed against Defendant, as provided by law;

10. That such other remedies as shall be necessary and proper to eliminate all violations complained of herein be awarded as provided by law; and

11. For such other and further relief as the Court may find appropriate.

                                         Respectfully Submitted,

                                         _s/ D. Wes Sullenger_____
                                         D. Wes Sullenger, KY BAR # 91861
                                                                  TN BPR # 021714
                                                                  IL ARDC # 6322019

                                         Sullenger Law Office, PLLC
                                         2508 Jackson Street
                                         Paducah, KY  42003
                                         Voice: (270) 443-9401
                                         Fax:   (270) 596-1082

                                         wes@sullengerfirm.com

                                         *Attorney for the Plaintiff,*
                                         *Amy Allcock*