UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NUMBER 5:24-CV-4-BJB-LLK

AMY ALLCOCK                                                                           PLAINTIFF

v.

M. DEAN OWEN, CPA, PSC;
HHO CARBON CLEAN SYSTEMS, LLC                        DEFENDANTS

MEMORANDUM OPINION AND ORDER
DENYING AGREED PROTECTIVE ORDER

Pursuant to 28 U.S.C. § 636(b)(1)(A), this matter has been referred to Magistrate Judge Lanny King for hearing and determining all pretrial matters, including non-dispositive motions, and conducting a settlement conference. [Text Order at 27]. Before the Court is an Agreed Protective Order submitted by counsel for Plaintiff Amy Allcock and Defendants M. Dean Owen, CPA, PSC and HHO Carbon Cleaning Systems, LLC. For the reasons that follow, the Court declines to enter the Agreed Protective Order, without prejudice.

I. BACKGROUND

This is a Title VII Civil Rights discrimination claim brought by Plaintiff Allcock against her former employer, Defendant M. Dean Owen, CPA, PSC d/b/a HHO Carbon Clean Systems, LLC. [Complaint, DN 1 at 1-2.] Plaintiff claims that she was discriminated against by her former employer on the basis of sex, and that she suffered damages as a result. *Id*. at 4-6.

The parties' Agreed Protective Order indicates that "good cause exists to limit the disclosure and dissemination of certain information and documents subject to discovery." DN 29 at 1. It seeks to protect "Confidential information" produced by the parties or acquired from third parties, including but not limited to doctors, employees, and/or former employees, and defines the term as follows:

> "Confidential information" – For purposes of this Agreed Protective Order, the term Confidential information refers to any document, testimony, or other discovery material that contains a trade secret, protected health information, personally identifiable information of non-parties, or any other confidential, sensitive, or proprietary information of a technical, business, or personal nature of Plaintiff or Defendant.

Agreed Protective Order, DN 29 at 1.

Paragraph eight of the Agreed Protective Order further provides that a party "may designate a document, testimony, or other material as Confidential information only if the party in good faith believes it constitutes a trade secret, medical information, other sensitive information, or other wise constitutes 'Confidential information' as defined herein." Paragraph fifteen provides a process for filing Confidential information into the Court record under seal.

## II. STANDARD

This Court is increasingly scrutinizing protective orders that do not make the necessary showing of good cause required by the Federal Rules of Civil Procedure and relevant case law. Rule 26 of the Federal Rules of Civil Procedure affords the Court broad discretion to grant or deny protective orders. *Proctor & Gamble Co. v Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). *See Global Hemp, Inc. v. Industrial Hemp Solutions*, LLC, 5:20-cv-12-TBR-LLK, 2020 WL 12846562, at *1 (W.D.Ky. Oct. 6, 2020) (collecting cases). Pursuant to Rule 26(c)(1)(G),

> [t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including … requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way …." Good cause exists when the party moving for the protective order "articulate[s] specific facts showing 'clearly defined and serious injury' resulting from the discovery sought. . .."

*Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. 2001) (citing *Avirgan v. Hull*, 118 F.R.D. 25, 254 (D.D.C. 1987)). For example, in determining whether to grant a protective order in a trade secret case, this Court considered the following factors:

2

(1) the extent to which the information is known outside of [the] business;

(2) the extent to which it is known by employees and others involved in [the] business;

(3) the extent of measures taken … to guard the secrecy of the information;

(4) the value of the information to [the business] and to [its] competitors;

(5) the amount of effort or money expended … in developing the information;

(6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

*Williams v. Baptist Healthcare Sys.*, No. 3:16-CV-000236-CRS, 2018 WL 989546, at *2 (W.D. Ky. Feb. 20, 2018) (citing *Nash-Finch Co. and Super Food Servs., Inc. v. Casey's Foods, Inc.*, 2016 WL 737903, at *2 (E.D. Ky. Feb. 23, 2016). "To show good cause, the moving party must articulate specific facts that show a clearly defined and serious injury resulting from the discovery sought; mere conclusory statements will not be sufficient." *In Re. Skelaxin Antitrust Litig.*, 292 F.R.D. 544, 549 (E.D. Tenn. 2013). Upon a showing of good cause, this Court has found that discovery documents can be protected as "Confidential" by agreement via a narrowly tailored protective order.[1]

In addition to a showing of "good cause" for the protections sought, this Court also requires a narrowly tailored approach to defining the class of documents to be protected. Showing substantial justification for withholding information from the public is a heavy burden: "[w]hile District Courts have the discretion to issue protective orders, that discretion is limited by the careful

---

[1] By way of example, this Court points to its prior decision in *Bussell v. Elizabethtown Independent School District*, 3:17-CV-00605-GNS, DN 27 (W.D. Ky. Aug. 29, 2018), wherein the parties submitted an Agreed Protective Order for the protection of alleged confidential and private information, but failed to explain why the order was necessary. The Court denied the motion without prejudice, instructing that a request for a protective order should set forth the reasons why the order is necessary. *Id*. at DN 28. The parties subsequently filed a new Motion for Protective Order, which the Court granted, noting that the parties explained that the materials sought to be protected were nude or seminude photographs and that dissemination of the images is sensitive, could constitute a crime, and could adversely impact ongoing criminal proceedings. *Id*. at DN 33.

dictates of Fed. R. Civ. P. 26 and 'is circumscribed by a long-established legal tradition which values public access to court proceedings.'" *Schrank v. Roller Die and Forming Company, Inc.*, 3:21-cv-598-RGJ-LLK, 2022 WL 256318, at * 2 (W.D. Ky. Jan. 26, 2022), (citing *In re. Skelaxin Antitrust Litigation*). The parties must set forth with specificity the reasons protection is sought for a narrowly defined classes of documents, or simply agree among themselves to have certain limitations on the materials produced in discovery without court intervention. *Hasenbein v. F3EA, Inc.*, 3:20-cv-822-BJB-RSE, 2021 WL 6496791, at *1 (W.D. Ky. May 18, 2021).

### III. ANALYSIS

In this case, the parties have not demonstrated good cause to justify protection of a clearly defined class of documents. The documents sought to be protected are defined broadly as "any document, testimony, or other discovery material that contains a trade secret, protected health information, personally identifiable information of non-parties, or any other confidential, sensitive, or proprietary information of a technical, business, or personal nature." There are no corresponding and specific legal bases identified for deeming these broad classes of documents "Confidential information." Furthermore, based upon these broad parameters, the class of documents to be deemed Confidential information subject to protection could be most anything that either party determines to be "Confidential information." Furthermore, the parties have not identified a clearly defined, serious injury that would result from the production of this broad set of documents. Clearly defined classes of documents with specific, applicable legal principles justifying their protection are necessary for this Court to consider entry of an Agreed Protective Order. Mere conclusory statements and generalizations do not suffice.

Finally, Paragraph fifteen governing the filing of "Confidential information" into the Court record under seal is the most problematic provision contained in the Agreed Protective Order. The

Sixth Circuit recently held, "[t]he federal courts do their business in public—which means the public is presumptively entitled to review every document that a party files with the court for purposes of influencing a judicial decision." *Grae v. Corrections. Corp. of America*, No. 24-5839, 2025 WL 1132413, at *1 (6th Cir. Apr. 17, 2025). The standard for sealing documents is "vastly more demanding" than the standard for protective orders covering documents exchanged during discovery. *Shane Group, Inc.*, 825 F.3d 299, 307 (6th Cir. 1983). That the documents are covered by a "mere protective order" or have been designated as confidential is not sufficient reason to seal them from the public. *Id*. In *Shane*, the Sixth Circuit further explained that at the adjudicative stage "the public has a strong interest" in having access to the information upon which courts rely in making decisions. *Shane* at 305.

The primary concern this Court has with the proposed Agreed Protective Order is the assumption it makes regarding the sealing of documents filed in this Court. Paragraph fifteen provides that documents designated as "Confidential information" under the terms of the Agreed Protective Order will automatically be sealed when filed with this Court, stating:

> A party shall not file any properly designated Confidential information in the public record of this Action. All Confidential information filed with the Court shall be filed in sealed envelopes or other appropriate sealed containers which shall be endorsed with the style of this Action, the word "CONFIDENTIAL," and the following statement:
>> This envelope is sealed pursuant to order of the Court and contains confidential material filed in this case by [name of party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court or pursuant to stipulation of the parties to this action.
>
> The envelope shall be opened only by counsel of record, who shall return the document to the Clerk in a sealed envelope or container, or by Order of the Court.

Agreed Protective Order, Paragraph fifteen, DN 29 at 4.

The standard for sealing documents is "vastly more demanding" than the standard for protective orders covering documents exchanged during discovery. *Shane Group, Inc.*, 825 F.3d 299, 307 (6th

Cir. 1983). That the documents are covered by a "mere protective order" or have been designated as confidential is not sufficient reason to seal them from the public. *Id*. This Court's Joint Local Rules of Civil Practice Rule 5.6 sets forth the special procedure required for filing documents under seal in this Court:

> (a) **Presumption of public access**. Parties and counsel should presume that all documents filed in district court should be available for the public to access and that restricting public access can occur only in limited circumstances, as set forth in this Rule.
>
> (b) **"Sealed Document" defined**. A "sealed document" is defined as a document or motion filed pursuant to (1) a protective order restricting public access, (2) an order granting leave to file the sealed document or motion, in conjunction with a motion for leave to seal or a previously-filed redacted document, or (3) included within a category of documents considered sealed under a federal statute or federal rule of procedure, local rule, or standing order of this court. A sealed document or motion is not available electronically, or by any other means, to the parties, attorneys or the public.
>
> (c) **Specific Authority or Motion Required; Protective Orders**. Absent a federal statute or federal rule of procedure, local rule, or standing order of this court, a party seeking to file a sealed document must electronically file a motion for leave to seal. The motion must state why sealing is required and must establish that the document sought to be filed under seal is entitled to protection from public disclosure. Reference to a stipulation that allows a party to designate certain documents as confidential is not sufficient grounds to establish that a document, or portions thereof warrants filing under seal.
>
> (d) **Electronic Filing Rules and Procedures**. All procedures for electronic filing of documents under seal, whether pursuant to this Rule or a federal statute or federal rule of procedure, are contained in the Court's Electronic Case Filing Administrative Policies and Procedures, available from the Clerk's office on the following websites:
> WDKY – http://www.kywd.uscourts.gov/
> EDKY – http://www.kyed.uscourts.gov/

Joint Local Rules of Civil Practice for the Eastern and Western Districts of Kentucky, Rule 5.6.

In the federal courts, blanket sealing authorizations are not permitted. The Agreed Protective Order's provision in Paragraph fifteen "for the automatic filing of confidential information under seal . . . is a non-starter," *Knight Capital Partners Corp. v. Henkel Ag &*

*Company*, 290 F.Supp.3d 681 (E.D. Mich. 2017). This Court's seal analysis will be undertaken separately and independent of any Agreed Protective Order at the time such a motion to seal is filed. The Sixth Circuit in *Grae* emphasized the necessity of district courts making findings and conclusions to justify nondisclosure to the public, and that such seals must be narrowly tailored, noting, "the burden of 'demonstrat[ing]—on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal' is first borne by the party that seeks it, not by the district court." *Id*. at 5 (quoting *Shane Group* at 308).

### IV.  CONCLUSION

For the foregoing reasons,

IT IS ORDERED that the Court DECLINES to enter the parties' Stipulated Protective Order [DN 18], without prejudice.

The Court will consider entry of an Agreed Protective Order for narrowly defined documents or classes of documents for which specific legal authority is articulated to justify their protection, consistent with the Joint Local Rules of Civil Practice and Sixth Circuit precedent. In the alternative, the parties may simply agree among themselves to place certain limitations on the materials produced in discovery without this Court's involvement.

October 9, 2025

**Lanny King, Magistrate Judge**
**United States District Court**